# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                                     **Case No. 06-CR-69**

**ROBIN FERRON**
        **Defendant.**

## DECISION AND ORDER

Defendant Robin Ferron is charged with attempting to dispense a controlled substance by delivering prescriptions for Oxycodone following the suspension of her license to practice medicine. She filed a motion to suppress a statement she made to a police officer, as well as all evidence seized from her person incident to her subsequent arrest. The motion was assigned to a magistrate judge, who held a hearing and recommended that the motion be denied. Defendant objects to the recommendation, which I must now review de novo. Fed. R. Crim. P. 59(b)(3).

## I. FACTS

Neither party objects to the magistrate judge's statement of facts or requests a de novo hearing. Accordingly, I adopt the magistrate judge's recitation of the facts and present an abbreviated version of the events in this decision.

Brookfield Police Officer Jesse Morales testified that on December 16, 2005, he and another officer were dispatched to Kohl's Department Store in response to a shoplifting complaint. After the officers arrived, a Kohl's loss prevention officer, who was monitoring the store's video surveillance, advised Morales that he believed a drug deal was occurring

in the store. Morales viewed the video monitor and recognized defendant from a previous encounter on December 7, 2005, in which he had arrested her at her residence for issuing prescriptions without a license. At that time, defendant admitted to the police that her license was suspended. (Govt. Ex. 1 at 5.)

The government introduced a copy of the video surveillance tape (Govt. Ex. 2), which shows defendant placing papers, which appear to be prescriptions, on a store shelf. A man later identified as Ellis Clayton picked up the papers, pulled out his wallet and retrieved some bills, and gave the cash to defendant. As the magistrate judge noted, the behavior of defendant and Clayton during this encounter was furtive.

Morales proceeded into the store and located defendant, who was now with a woman, later identified as Kimberly Williams. Morales asked defendant what she was doing, and defendant said "nothing." He then asked Williams what she was doing, and Williams replied that she was obtaining paperwork for a doctor's referral.

Morales asked the women to accompany him to the Kohl's loss prevention office, and they agreed. He testified that he chose that location because it was more private. Morales did not advise either woman that she was under arrest or use any force to get them to go.

The loss prevention office is actually a stock room, with a smaller room containing the video surveillance equipment off to the side. Morales took defendant into the larger room and asked her if her medical license was still suspended. She admitted that it was. Morales then placed defendant under arrest and advised her of her <u>Miranda</u> rights, which defendant exercised by invoking her right to counsel. Officers searched defendant incident

to the arrest and recovered from her person two prescriptions signed by a Dr. Yee and about $350.00 in cash.

## II. DISCUSSION

As framed by the magistrate judge and the parties, defendant's motion presents two issues. First, was defendant in custody when she was questioned by Morales in the Kohl's loss prevention office on December 16, 2005? If so, the statement must be suppressed because she was not first provided with Miranda warnings. Second, if the statement is suppressed, did the police nevertheless have probable cause to arrest defendant on December 16?[1] If so, the evidence seized from her person incident to the arrest need not be suppressed, even if the statement is.

**A.     Custody**

To protect an individual's right against self-incrimination, a suspect must be advised of certain rights prior to being subjected to custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 444 (1966). To implicate Miranda, the suspect must be both "in custody" and subject to "interrogation." United States v. Yusuff, 96 F.3d 982, 987 (7th Cir. 1996). In the present case, it is undisputed that defendant was interrogated by Morales in the loss prevention office and that she was not first provided with Miranda warnings. The sole question is whether she was in custody at the time.

An individual is considered to be in custody when her movement is restrained to the degree comparable to a formal arrest. Id. The determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either

---

[1]Defendant contends that her statement that her license was still suspended was essential to probable cause to arrest her on December 16.

3

the interrogating officers or the person being questioned. United States v. James, 113 F.3d 721, 726 (7th Cir. 1997). In other words, the relevant inquiry is how a reasonable person in the suspect's shoes would have understood her situation. Id. (citing Berkemer v. McCarty, 468 U.S. 420, 442 (1984)). The court considers the totality of the circumstances, including whether: (1) the encounter occurred in a public place; (2) the suspect consented to speak with the officers; (3) the officers informed the individual that she was not under arrest and was free to leave; (4) the suspect was moved to another area; (5) there was a threatening presence of several officers and a display of weapons or physical force; (6) the officers deprived the defendant of documents she needed to continue on her way; and (7) the officers' tone of voice was such that their requests would likely be obeyed. United States v. Wyatt, 179 F.3d 532, 535 (7th Cir. 1999).

Under all of the circumstances, I find that defendant was not in custody in the present case. Her encounter with Morales occurred in a public place, and she consented to speak with Morales. Morales at no point told defendant she was under arrest, and he did not handcuff, search or physically handle her, nor did he draw his weapon or confiscate any of her personal effects. Although defendant was moved to another area for the questioning, it was to the Kohl's loss prevention office, not the police station or some other area under police control. See United States v. Wade, 400 F.3d 1019, 1022 (7th Cir. 2005) (finding no custody where police asked suspect to accompany them to another location for questioning). Further, defendant agreed to go with Morales, and a suspect who voluntarily accompanies the police is generally not in custody. See Booker v. Ward, 94 F.3d 1052, 1058 (7th Cir. 1996). Finally, Morales asked defendant just one question before arresting her and providing Miranda warnings.

In her objections, defendant argues that because she had been arrested by the same officer nine days earlier she had reason to believe she was the target of a criminal investigation when Morales asked her to accompany him to the loss prevention office. However, the issue is not whether a reasonable person would believe herself a target but whether she would consider herself in custody. See United States v. Jones, 21 F.3d 165, 170 (7th Cir. 1994) ("Miranda warnings are not required merely because the individual questioned by law enforcement officers is a suspect or is the focus of a criminal investigation.").

Defendant also argues that a reasonable person would have recognized that the purpose for accompanying the police to another location was to allow the police to develop additional evidence against her. Not necessarily. A reasonable person could also believe that the purpose was to allow a more private discussion. Further, the fact that defendant had previously been arrested does not, given the facts discussed above, transform this encounter into a custodial one. Finally, defendant notes that Morales admitted that he asked the question about her license to build a better case against her. But Morales's subjective motivation is irrelevant; it is the objective facts and circumstances that matter. See James, 113 F.3d at 726.

Therefore, for all of these reasons and those stated by the magistrate judge, I find that defendant was not in custody. Accordingly, the motion to suppress her statement is denied.

**B.      Probable Cause**

Because the statement need not be suppressed and because defendant concedes that Morales had probable cause to arrest her given her admission that her license was still

5

suspended, the evidence seized from her person incident to arrest also need not be suppressed. Nevertheless, for the sake of completeness, and because the magistrate judge and the parties discussed probable cause, I too will address the issue.

An officer may arrest a suspect without a warrant if he has probable cause to believe the suspect has committed a crime. United States v. Sawyer, 224 F.3d 675, 678 (7th Cir. 2000). Probable cause to arrest exists when the officer possesses reasonably trustworthy knowledge of facts and circumstances that would sufficiently warrant a prudent officer in believing that the suspect had committed or was committing an offense. United States v. Scheets, 188 F.3d 829, 832 (7th Cir. 1999). There is no requirement that the officer's belief be correct or more likely true than not, only that it be reasonable. Xing Qian v. Kautz, 168 F.3d 949, 953 (7th Cir. 1999); see also Sawyer, 224 F.3d at 679 ("Probable cause . . . does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime."). The court must consider the totality of the circumstances known to the police at the time of the arrest in evaluating probable cause. United States v. Navarro, 90 F.3d 1245, 1254 (7th Cir. 1996). Finally, there is no requirement that the police make an arrest as soon as possible; they may continue investigations in order to acquire additional evidence. United States v. Limares, 269 F.3d 794, 798 (7th Cir. 2001).

Given the facts and circumstances known to Officer Morales at the time, I find that there was probable cause to arrest defendant even without consideration of her admission in the loss prevention office. Morales was notified by a loss prevention officer that a drug deal was occurring in the store. As the magistrate judge noted, there was no evidence that the store officer knew defendant or had any other reason to believe that she was engaging

6

in illegal behavior aside from his observations. Morales then viewed the video surveillance monitor and observed the interaction between defendant and Clayton, which was highly suspicious. Finally, Morales recognized defendant, recalled that he had arrested her just nine days previously for illegally dispensing prescriptions, and therefore had all the more reason to believe she was committing a crime in the store.

Defendant argues that while the police had reasonable suspicion to detain her prior to her statement, probable cause did not exist until she confirmed that her license was still suspended. The status of her license determined the legality of her conduct, the argument goes, so if her license had been re-instated between December 9 and December 16 her conduct on the latter date would not be illegal. Probable cause does not turn on such hyper-technicalities. If defendant's license was suspended on December 9, it was reasonable for Morales to believe that it was probably still suspended on December 16. Moreover, if defendant's license had been re-instated, it would be passing strange that she would resume practicing medicine by furtively handing out prescriptions in the middle of a busy department store.

Therefore, for all of these reasons and those stated by the magistrate judge, I find that Morales had probable cause to arrest defendant even without consideration of her statement. Accordingly, for this reason, as well, the evidence seized from her person need not be suppressed.[2]

---

[2] I note that there is no contradiction between the finding of no custody for purposes of Miranda and the finding of probable cause to arrest. The police need not arrest as soon as they acquire probable cause; they may instead continue their investigation. Limares, 269 F.3d at 798.

7

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (Docket # 12) is **ADOPTED**, and defendant's motion to suppress (Docket # 6) is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of July, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge